FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 OCT 11  AM 10: 36

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STANLEY PRICE                                                                CIVIL ACTION

VERSUS                                                                         NO. 01-3016

HOUSING AUTHORITY                                                    SECTION "K" (5)
OF NEW ORLEANS, ET. AL.

ORDER AND REASONS

Before this court is a motion for judgment on the pleadings. Fed. R. Civ. Proc. 12(c). Defendants, in their 12(c) motion, raise 12(b)(6) as a defense. (Rec. Doc. 25). For the reasons explained below, the motion is granted in part and denied in part.

STANDARD OF REVIEW

When a Rule 12(c) motion for judgment on the pleadings raises a post-answer Rule 12(b)(6) defense, the motion should be evaluated under the Rule 12(b)(6) standard of failure to state a claim upon which relief can be granted. See Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §§ 1367, 1369 (1991).

When reviewing this type of motion, the court must accept the plaintiff's factual

DATE OF ENTRY
OCT 11 2002



allegations as true and construe them in favor of the non-moving party. Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

A 12(b)(6) motion will be denied unless, it appears beyond a doubt that the non-movant can prove no set of facts in support of his claim which would entitle him to relief. Id. When the 12(b)(6) defense is raised under a motion for judgment on the pleadings, the court may only consider the factual assertions in the pleadings. Id.

## BACKGROUND

This action involves a pro se plaintiff, Stanley Price, against the Housing Authority of New Orleans ("HANO"), Benjamin Bell, in his capacity as Director of HANO, and Chequita McGowan, as Interim Director of Human Resources for HANO. In his complaint, Price asserts that the defendants have violated certain federal laws. He cites the Fifth and Fourteenth Amendments of the Constitution, Title VI of the Civil Rights Act of 1964, specifically 42 U.S.C. §2000d, and the Housing and Urban Development Act of 1968. However, Mr. Price does not connect any of the alleged actions with the his contentions that the defendants violated these statutes and amendments. For instance, the defendant merely states that the defendants "violated the Fifth and Fourteenth amendment [sic] of the United States Constitution: [sic] Title VII [sic] of the Civil Rights Act of 1964, (42 U.S.C. 2000d); [sic] Section 3 of the Housing and Urban Development Act of 1968... ."[1] He does not specify which defendant violated these statutes and amendments or how they may have done so.

---

[1] The Court notes that the plaintiff indicates that he has a Title VII claim, but cites 42 U.S.C. §2000d, which is part of Title VI. Because the plaintiff was not employed by the defendants, it is more likely that his reference to Title VII was a typographical error and he meant to assert a claim under Title VI. Accordingly, the Court will treat his claim as one arising under Title VI, not Title VII.

Although not entirely clear from the complaint, Price's grievance arose some time in June 2001 when defendants failed to hire him for the position of Accounting Specialist. Additionally, Price complains that defendants allegedly failed to extend economic opportunities to him, presumably in the form of a loan to his construction business. Lastly, Price asserts that on an unspecified date, the defendants removed Plaintiff from his residence in the Desire Development. Although it is apparent that Mr. Price has exerted a substantial amount of effort, his complaint is deficient in that it is not illustrative of the exact circumstances of the allegedly adverse actions taken by the defendants. Additionally, his complaint and request for relief is tailored for an action under 42 U.S.C. §1983 action, rather than one under the Fourth and Fifth Amendment or Housing and Urban Development Act.

## ANALYSIS

Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The purpose of this pleading requirement is to put a defendant on notice of the claim and to allow for an adequate response. See Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1202 (1991). Generally, the requirements of federal notice pleading are liberally construed and in a situation where the plaintiff proceeds pro se, this circuit has demonstrated a tradition of leniency. See Gallegos v. Louisiana Code of Criminal Procedure Art. 658, 858 F.2d 1091, 1092 (5th Cir. 1988). Even when a complaint by a pro se litigant is somewhat sketchy, it should not be dismissed unless it appears that the plaintiff can prove no set of facts which would entitle him to relief. Moawad v. Childs, 673 F.2d 850, 851 (5th Cir.1982). The test is whether "within the universe of theoretically provable facts, there exists a set which can support a cause

of action under this complaint indulgently read." Covington v. Cole, 528 F.2d 1365, 1370 (5th Cir. 1976).

The Court discusses each of Mr. Price's claim in turn and why the plaintiff's action would more properly have been brought as a section 1983 claim.

## APPLICATION TO PLAINTIFF'S CLAIMS

*Fifth and Fourteenth Amendment Claims*

In examining the plaintiff's claim that the defendants violated the Fifth and Fourteenth Amendments, the Court presumes, since the complaint is unclear, that the plaintiff attempts to raise an equal protection claim. In order to present a prima facie case of discrimination under the Equal Protection Clause of the Fourteenth Amendment the plaintiff must prove 1) state action, 2) that he is a member of a protected class, and 3) discriminatory intent. See Washington v. Davis 426 U.S. 229, 239 (1976).

After scrutinizing the pleadings, the plaintiff has made no allegation of race or other protected status that would trigger the Equal Protection Clause. Additionally, Mr. Price has made no allegation of racial discrimination or purposeful discrimination on the part of the defendants. Even when viewed indulgently, Mr. Price has not averred facts that can support an Equal Protection claim under the Fifth or Fourteenth Amendment. Because Mr. Price names individual defendants, this action would be more properly brought under 42 U.S.C. §1983. The Court instructs Mr. Price to amend his complaint accordingly. He must allege constitutional deprivations by the defendants, such as a violation of the Fourteenth Amendment, under the strictures of 42 U.S.C. §1983.

*Title VI Claim*

Title VI states that

> No person in the United States shall, on the ground of race, color, or national origin be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. §2000d.

According to Alexander v. Sandoval, 532 U.S. 275, 278 (2001), a private right of action for damages or injunctive relief exists under Title VI where the conduct involved is intentional discrimination. Alexander v. Sandoval, 532 U.S. 275, 278 (2001). No private right of action exists to prohibit activities that have a disparate impact. Id. at 282. For a private plaintiff to establish a prima facie case under Title VI of the Civil Rights Act, the plaintiff must show intentional race discrimination. Baldwin v. University of Texas Medical Branch at Galveston, 945 F.Supp. 1022, 1031 (S.D. Texas 1996). The plaintiff must allege that (1) the entity involved is engaging in racial discrimination, and (2) the entity involved is receiving federal financial assistance. Jackson v. Katy Independent School District, 951 F. Supp. 1293, 1298 (1996) citing Fobbs v. Holy Cross Heath System Corp., 29 F.3d 1439, 1447 (9th Cir. 1994).

In his complaint, the plaintiff has not made any allegation of race, or that the defendants are engaging in racially discriminatory practices that are intentional. Therefore, he has failed to state a cognizable claim upon which relief can be granted. However, the Court finds that if properly amended to contain more specific factual allegations, the plaintiff may bring this action under Title VI against HANO, but not the individual defendants.

*Housing And Urban Development Claim:*

There is a notable absence of cases discussing the Housing and Urban Development Act of 1968. 12 U.S.C. 1701u. The language of section 1701u mandates that the Secretary of the Department of Housing and Urban Development follow certain procedures to require that certain public agencies "make their best efforts...to give to low- and very low-income person the training and employment opportunities generated by development assistance provided pursuant to section 1437c of Title 42..." 12 U.S.C. 1701u(c)(1)(A).

Very little authority exists establishing that an individual has a private right of action against the local housing authority.[2] Milsap v. U.S. Department of Housing and Urban Development, No. 4-89-635, 1990 WL 157516, *9 (D.Minn. Oct. 18, 1990)(holding that a governmental defendant can be forced to comply with section 1701u's requirements); Ramirez, Leal & Co. v. City Demonstration Agency, 549 F.2d 97 (9th Cir. 1997); Drake v. Crouch, 377 F. Supp. 722 (M.D. Tenn. 1971). The cases in which plaintiffs have brought actions against the local housing authority have been those where a class of individuals have requested declaratory or injunctive relief, not damages. Id. In his complaint, Mr. Price asks for "past present, and future losses, interest, penalties, court cost attorney fees....reasonable compensation in the amount of $3,000,000.00 for his losses and damages for suffering." (See Complaint, p. 5). In addition Mr. Price requests equitable remedies such as "being placed back on the lease" of his residence in Desire Housing Development, being hired and provided "full benefits," and

---

[2]The regulations that have been adopted to implement section 1701u provide for administrative procedures for obtaining relief by filing a complaint with the Assistant Secretary of Fair Housing and Equal Opportunity at the Department of Housing and Urban Development. 24 C.F.R. §135.7 et. seq. However, the section specifically provides, that nothing in the section governing compliance precludes an individual from seeking "redress directly through judicial procedures." 24 C.F.R. §135.76(j).

financial assistance. (See Complaint, p. 5).

This Court finds that Mr. Price's claim would be more properly couched as a section 1983 action because he is requesting both legal and equitable relief and is attempting to recover from state officials.[3] Under 42 U.S.C. §1983 allows "any citizen of the United State or other person within the jurisdiction thereof" who has suffered the deprivation of constitutional or certain federal statutory rights by virtue of the conduct of state officials to bring a cause of action for damages and declaratory or injunctive relief. 42 U.S.C. §1983; See 1 Sheldon H. Nahmod, Civil Rights and Civil Liberties Litigation: The Law of Section 1983, 7 (3d ed. 1991).

In order to establish a prima facie case under §1983, the plaintiff must allege either a constitutional violation or a violation of a federal statutory right. See Id. at 56. If the plaintiff alleges a violation of a constitutional right, the plaintiff must prove that the defendant's conduct was the cause of the constitutional deprivation. The plaintiff may allege violations of the Fourteenth Amendment, procedural due process, or equal protection, as well as other violations of provisions in the Bill of Rights that apply to the states. Id. at 56-57. If the plaintiff alleges a violation of a federal statutory right, he or she must also prove that the defendant's conduct was the cause of this statutory deprivation. Id. at 57. Regardless of whether a plaintiff alleges a constitutional or statutory deprivation, or both, he or she must demonstrate that the challenged conduct was undertaken "under color of state law;" meaning that the individuals acted in an

---

[3]The Court notes that the plaintiff has made insufficient allegations for any claim under the Fourteenth and Fifth Amendment, Title VI or The Housing and Urban Development Act, and is not commenting on the merits or viability of a section 1983 action. The Court is merely giving the plaintiff an opportunity to attempt to state a claim under section 1983 within a specific time frame. The plaintiff is advised that he must allege a deprivation of his rights, these rights must trigger a cognizable violation, and must be within the rubric of a section 1983 action.

official capacity and in a manner authorized by state law. Id.   Section 1983 actions cannot ordinarily be maintained against either the United States or its officials. Id. at 15.

In his complaint, Mr. Price has alleged that the defendants violated the Fifth and Fourteenth Amendments, which are constitutional deprivations.  However, Mr. Price has not specified any facts or circumstances that support these claims, such as which defendants acted in such a way to deprive the plaintiff of his constitutional and statutory rights, or whether the state actors acted "under color of state law."  Simply stating that "the defendants have a history of unfair employment practices against the plaintiff" does not trigger the inference that the defendants violated federal statutory or constitutional law.  Additionally, the fact that the defendant allegedly removed the plaintiff from his lease or allegedly acted in an "adverse and retaliatory nature" does not rise to the level of a violation of substantive due process or equal protection under the Fourteenth Amendment.

## Conclusion

For the reasons stated above, this Court grants the defendant's motion for judgment on the pleadings with respect to Mr. Price's Fifth and Fourteenth Amendment claims.  However, the Court grants Mr. Price leave to amend his complaint in order for him to state specific facts on which he bases his allegations, and in order for him to bring a section 1983 action and/or an action under Title VI.

**IT IS ORDERED** that the plaintiff is granted leave to amend his complaint in accordance with the instructions contained herein within **fourteen (14) days** of the date of this order. If the Court does not receive plaintiff's amended complaint by this date or if the plaintiff fails to amend it pursuant to this order, his complaint will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that the **NON-JURY TRIAL** set for October 15, 2002 is hereby continued.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE