```
                                              FILED
                                         U.S. DISTRICT COURT
                                        EASTERN DISTRICT OF LA

                                         2002 OCT 11  PM 4: 12

                                          LORETTA G. WHYTE
                                                CLERK
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STANLEY PRICE | * | CIVIL ACTION |
|     PLAINTIFF | | NO. 01-3016 |
| | * | |
| VERSUS | | SECTION "K" |
| | * | MAG. 5 |
| HOUSING AUTHORITY OF NEW | | |
| ORLEANS, ET AL | * | |
|     DEFENDANT | | |

. * * * * * *

## MOTION FOR LEAVE OF COURT FOR ENLARGEMENT OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT WITH INCORPORATED MEMORANDUM IN SUPPORT

How into court through undersigned counsel comes Defendant, Housing Authority of New Orleans (HANO), which respectfully moves this Honorable Court to grant it permission to file or file again a Motion for Summary Judgment in the above captioned matter to assist the court in the disposition of this matter. Pursuant to Local Civil Rules, LR7.1E, 7.9E and 7.2E .Defendants shows that it has filed this motion on September 30, 2002 by Quick Courier Service. A copy of the motion was filed with the clerk, and a copy was brought to the chambers of the court. The motion was filed at that time only because Plaintiff had only been deposed a few days before. His deposition was essential to this motion. This court has indicated that the motion was not filed with the clerk of court and only filed in chambers. This filing is offered as an attempt to correct this error. The motion was also set for Magistrate Alma Chaze'c docket because it was initially thought that this was a case set

```
DATE OF ENTRY
 OCT 2 4 2002
```

```
___ Fee_____
___ Process___
_X_ Dktd_____
___ CtRmDep__
    Doc. No  45
```

to be tried by the magistrate.

It is necessary to file this motion outside of the time frame allotted for such filings because of the nature case and the Pro Se nature of this litigation. This motion will expedite the disposition of this suit.

Respectfully submitted,

**MONTGOMERY, BARNETT, BROWN READ, HAMMOND & MINTZ, L.L.P.**

_____
TERREL J. BROUSSARD (#3531)
3200 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3200
(504) 585-3200
Attorneys for Housing Authority of New Orleans

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this _____ day of October, 2002 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage prepaid.

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STANLEY PRICE<br>　　　PLAINTIFF | * | CIVIL ACTION<br>NO. 01-3016 |
| | * | |
| VERSUS | | SECTION "K" |
| | * | MAG. 5 |
| HOUSING AUTHORITY OF NEW<br>ORLEANS, ET AL<br>　　　DEFENDANT | * | |

* * * * * * *

## ORDER

Considering the foregoing,

**IT IS ORDERED** that Housing Authority of New Orleans be granted leave to file a Motion for Summary Judgment. ~~DENIED. This motion may be refiled subject to the plaintiff properly amending his complaint.~~

New Orleans, Louisiana, this __18__ day of __October__, 2002.

_____
JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STANLEY PRICE | * | CIVIL ACTION |
|     PLAINTIFF | | NO. 01-3016 |
| | * | |
| VERSUS | | SECTION "K" |
| | • | MAG. 5 |
| HOUSING AUTHORITY OF NEW | | |
| ORLEANS, ET AL | * | |
|     DEFENDANTS | | |

•   *   *   *   *   *   *

## MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE FRCP 56 (B)

**NOW INTO COURT,** comes the Housing Authority of New Orleans, Chiqueta McGowan, and Benjamin Bell, who move this Court for a Summary Judgment pursuant to FRCP Rule 56 (b). Defendants show that there are no genuine issues of material facts as evidenced by the Statement of Uncontested Facts and Deposition of Stanley Price which is attached to this Motion, and for the reasons more fully discussed in the Memorandum in Support of Motion which is also attached.

Defendants show that they have previously filed a Motion to Dismiss pursuant to FRCP Rule 12 (6), together with exhibits and memoranda. That pleading and its attachments are incorporated into this Motion as though it was copied in its entirety. This incorporation is sought with the understanding that a 12 (b) (6) motion may be converted to summary judgment if it is determined that there is no genuine issue of material fact and the case may be decided as a matter of law.



**WHEREFORE**, Defendants pray that this the Plaintiff be required to answer this Motion for Summary Judgment and failing to properly respond, that this matter be dismissed summarily.

Respectfully submitted,

MONTGOMERY, BARNETT, BROWN READ, HAMMOND & MINTZ, L.L.P.

TERREL J. BROUSSARD (#3531)
3200 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3200
(504) 585-3200
Attorneys for Housing Authority of New Orleans, Chiqueta McGowan and Benjamin Bell

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served on all counsel of record, by depositing same in the United States Mail, postage prepaid, addressed to them at their offices on this _10th_ day of October, 2002.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STANLEY PRICE<br>    PLAINTIFF | * <br> * | CIVIL ACTION<br>NO. 01-3016 |
| VERSUS | • | SECTION "K"<br>MAG. 5 |
| HOUSING AUTHORITY OF NEW<br>ORLEANS, ET AL<br>    DEFENDANT | * | |

• * * * * * *

## NOTICE OF HEARING

TO:  Stanley Price
     3618 Higgins Boulevard
     New Orleans, Louisiana 70126

**PLEASE TAKE NOTICE** that Housing Authority of New Orleans, Benjamin Bell and Chequita McGowan, will bring their Motion for Summary Judgment pursuant to FRCP Rule 56(b) of the Federal Rules of Civil Procedure on this case on for hearing before Judge Stanwood R. Duval, Jr. of the United States District Court for the Eastern District of Louisiana, Section C, 500 Camp Street, New Orleans, Louisiana on the day of <u>6th</u> day of November, 2002 at 9:30 a.m. or as soon thereafter as counsel may be heard.

Respectfully submitted,

**MONTGOMERY, BARNETT, BROWN READ, HAMMOND & MINTZ, L.L.P.**

_____
TERREL J. BROUSSARD (#3531)
3200 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3200
(504) 585-3200
Attorneys for Housing Authority of New Orleans, Benjamin Bell and Chequita McGowan

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing pleading has been served on all counsel of record by depositing a copy of same in the United States mail, properly addressed, and first-class postage prepaid on this ____ day of October, 2002.

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STANLEY PRICE | * | CIVIL ACTION |
|     PLAINTIFF | | NO. 01-3016 |
| | * | |
| VERSUS | | SECTION "K" |
| | * | MAG. 5 |
| HOUSING AUTHORITY OF NEW | | |
| ORLEANS, ET AL | * | |
|     DEFENDANT | | |

• * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION
## FOR SUMMARY JUDGMENT PURSUANT TO RULE 56(b)

**MAY IT PLEASE THE COURT:**

I.    **FACTS:**

Stanley Price has used 3618 Higgins Street, Apartment A. New Orleans as his address for at least four years. He receives his mail at that address. He does not pay rent at that address. He contributes to the family income. At one time, he resided at 3607 Benefit Street, New Orleans Louisiana. This Housing Development is known as the Desire Housing Development. He is not a lessee with Housing Authority of New Orleans. His mother is the lessee. He admits that he is 43 years old, not married ,fathered two children, attended four colleges and received no degrees. His 44 year old brother, Leonard, also resides with his mother at the Higgins Street address. Stanley Price was not listed as a resident lease between Ora Price and the HANO at the 3618 Higgins Street, Apartment A. address in 1997, 1998, 1999, 2000, 2001. He was not a bonafide occupant of the

Housing Authority of New Orleans during those years.

Stanley Price was employed for a time at HANO as in the Lead Abatement Program as a Lead Abatement Technician in 1996. In January 1996 he worked in the vacancy reduction program at HANO and transferred to the Lead Abatement Program in June 1996. He worked at HANO until October 1997. He participated in training provided by HANO for its residence. A twenty-two (22) week course sponsored by the HANO Resident Loan Corporation, was a perquisite to participation in the Resident Loan Program. Stanley Price completed a Computer Literacy Training that was sponsored by HANO. He agrees that HANO provides opportunities for residents of public housing under the Resident Loan Corporation.

Stanley Price applied for the Position of Accounting Specialist II in March of 2001. He was not selected for the position, he ranked 27th on the Certificate of Eligibles. He did not file a complaint with the EEOC alleging discrimination because he was not selected for the position of Accounting Specialist II.

When Stanley Price refers to unfair practices by HANO he means an incident when in 1994 community organization of which Stanley Price was an official lost control of funding provided by HANO. Stanley Price has no proof that he completed and final business plan which was a prerequisite to participating in HANO's Resident Loan Corporation loan program. He has only a draft of a business plan that was submitted for a Tastee Doughnut franchise. He has a draft of a business plan that was prepared for A-1 Builders. Stanley Price has no evidence that he submitted a final business plan to HANO. Stanley Price was told by HANO Resident Loan Corporation officials in 1997 or 1998 that the training he received was inadequate to qualify for loans issued by the HANO Resident Loan Corporation. Stanley Price never completed the requirements for loan eligibility of the Housing Authority of New Orleans Resident Loan Corporation and he did not make

any application to participate in the resident loan program since 1997.

II.   **LAW AND ARGUMENT:**

    A.   **Stanley Price Failed to Exhaust Administrative Remedies Before Filing Claims under Title VII of the Civil Rights Act of 1964 as Amended and Before the Louisiana Civil Service Commission.**

Stanley Price makes allegations regarding the Accounting Specialist II position for which he applied. He admits that he was 27th on the Certificate of Eligibles provided by the Louisiana Civil Service Commission. If this is a claim for discrimination under Title VII, he has failed to exhaust administrative remedies as is required by law.

Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court.[1] Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue.[2] Title VII provides that claimants have ninety days to file a civil action after *receipt* of such a notice from the EEOC.[3] This requirement to file a lawsuit within the ninety-day limitation period is strictly construed.[4] Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired.[5] Although filing of an EEOC charge is not a jurisdictional prerequisite,

---

[1] Taylor v. Books A Million, Inc. 296 F.3d 376, *379 -379 (C.A.5 (La.),2002)

[2] *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788-89 (5th Cir.1996).

[3] *Nilsen v. City of Moss Point, Miss.,* 674 F.2d 379, 381 (5th Cir.1982) (citing 42 U.S.C. §§ 2000e-5(f)(1) (1994))

[4] *See Ringgold v. National Maintenance Corp,* 796 F.2d 769, 770 (5th Cir.1986); *Espinoza v. Missouri Pacific R R Co,* 754 F.2d 1247, 1251 (5th Cir.1985)

[5] *See, e g , Butler v Orleans Parish School Board,* No Civ. A 00-0845, 2001 WL 1135616 (E.D.La. Sept 25, 2001) (dismissing Title VII claims where *pro se* plaintiff filed her complaint one day beyond the ninety-day period because she and her husband were prevented from filing on the 90th day, as planned, by family illnesses)

it "is a precondition to filing suit in district court."[6]

Price admits that he did not file a complaint with the EEOC[7] He has therefore admitted that he has failed to exhaust administrative remedies which is a prerequisite for filing a suit under Title VII. This claim must be dismissed as a matter of Law.

B. THE STATUTE OF LIMITATIONS HAS RUN ON ANY CLAIMS OF VIOLATIONS OF CONSTITUTIONAL RIGHTS.

Stanley Price claims that his rights under the 5th (sic) and 14th Amendments of the United States Constitution were violated. Those claims have prescribed under Louisiana Law. The prescriptive period for claims under this theory, though poorly plead, is one year.[8] Assuming that Price is alleging a complaint of constitutional rights violations under 42 U. S. C. secs, 1981, 1982, or 1983, the analogous state statute for limitations of actions must be applied. Because § 1981, like §1982 and 1983, does not contain a statute of limitations, federal courts should select the most appropriate or analogous state statute of limitations.[9]

Stanley Price admits that when he refers to "unfair practices" by HANO, he means an incident when in 1994 the community organization of which Price was president lost control of funding provided by HANO.[10] Even if he is referring to the application for Participation in the HRLC loan program he admits that he did not apply for a loan or participate in the HRLC process since

---

[6] *Dao*, 96 F.3d at 789

[7] See deposition of Price P 58

[8] La. C. C. art. 3492

[9] *Wilson v Garcia*, 471 U.S. 261, 266-268, 105 S.Ct. 1938, 1941-1943, 85 L.Ed.2d 254 (1985); *Runyon v. McCrary*, 427 U.S. 160, 180-182, 96 S.Ct. 2586, 2599-2600, 49 L.Ed.2d 415 (1976); *Johnson v Railway Express Agency, Inc*, 421 U.S. 454, 462, 95 S.Ct 1716, 1721, 44 L.Ed.2d 295 (1975).Goodman v. Lukens Steel Co. 482 U.S. 656, *660, 107 S.Ct. 2617, **2620 (U.S.Pa.1987)

[10] See Deposition of Price. P 104

4

1997.[11] In either event his claims has prescribed as a matter of law.

## C. THE HUD ACT ONLY REQUIRES THAT HANO PROVIDE OPPORTUNITIES TO THE GREATEST EXTENT POSSIBLE.

Stanley Price has admitted to facts which conclude that HANO did provide opportunities to its residents. He participated in computer training programs provided by HANO. He participated in Entrepreneurial Training Provided by HANO in 1996. He did not complete the program or apply for entry into the HRLC Loan Program since 1997.[12] He even admits that he was employed at HANO as a Lead Abatement Technician for a period of time in 1996. These facts prove that HANO has given this individual opportunity for employment and to participate in the commerce in the Housing Development to the Greatest extent possible.

12 USCA §§ 1701u provides in pertinent part:

> A) In general, the Secretary shall require that public and Indian housing agencies, and their contractors and subcontractors, make their best efforts, consistent with existing Federal, State, and local laws and regulations, to give to low- and very low-income persons the training and employment opportunities generated by development assistance provided pursuant to section 1437c of Title 42, operating assistance provided pursuant to section 1437g of Title 42, and modernization grants provided pursuant to section 1437l of Title 42.

"Greatest extent possible" was determined by 12 USCA §§ 1701u was provided by HANO in that Stanley Price agrees that he participated in an entrepreneurial program received computer training, and was employed by HANO. He admits that he failed to submit applications after 1997 and that completing the Entrepreneurial program is essential to the HRLC loan process.

There is only one court that has interpreted the meaning of " the greatest extent possible. That court stated:

---

[11] Id at. P

[12] See Statement of Uncontested Facts and Deposition of Price.

5

> We think that "greatest extent" means what it says, the maximum, and that the defendants were therefore obliged to take every affirmative action that they could properly take..."[13]

It is clear that HANO made every effort by inviting plaintiff to participate in Entrepreneurial Training and providing opportunities for him to complete the program. He simply failed to complete the program and blames HANO for his actions. His admission that he made no applications since 1997 is telling. He simply does not want to be retrained and resubmit a proposal and complete a business plan as it the requirement of the HRLC Loan Program. His claim should be dismissed as a matter of law because HANO has complied with the HUD Act in all respects.

### D. THE COMPLAINT MUST BE DISMISSED AS IT DOES NOT STATE SUFFICIENT ALLEGATIONS WHICH SUPPORT A CAUSE OF ACTION.

There is no arguable basis of fact which would support the claims of Stanley Price. All of the actions which he asserts have been either prescribed or are preempted because he failed to exhaust administrative remedies. In a case similar to this one, a district court also dismissed a pro se plaintiff's claims under Title VII, the APA, §§ 1985, and the Fourteenth Amendment. The court dismissed these claims under §§ 1915(e)(2)(B)(i) and (ii) for frivolity and failure to state a claim, respectively.[14] A determination that a case is frivolous under §§ 1915(e)(2)(B)(i) is reviewed only for abuse of discretion.[15] Therefore Stanley Price's *"in forma pauperis* complaint "may be dismissed as frivolous if it lacks an arguable basis in law or fact. A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation

---

[13] *Ramirez, Leal & Co v City Demonstration Agency* 549 F.2d 97, *105 (C.A.Cal 1976) In the present case, price admits the facts which would ordinarily would have to be proven to avert a summary judgment as in the Remirez case.

[14] Newsome v E.E.O.C. 301 F.3d 227, *231 (C.A.5 (La.),2002)

[15] *Siglar v Hightower*, 112 F 3d 191, 193 (5th Cir.1997).

of a legal interest which clearly does not exist."[16]

It is submitted that there is no arguable basis at law which would grant the plaintiff a cause of action. This suit should be labeled frivolous and merit less and dismissed summarily.

## IV.   CONCLUSION:

The Summary Judgment may be granted when there are no genuine issue of material fact with respect to the theory of recovery set forth in th plaintiff's complaint.[17] Price has admitted those facts which nullifies any opportunity of recovery under any possible theory. HANO has demonstrated that there are no genuine issues on material facts. The law of prescription and preemption for failure to exhaust administrative remedies negates the complaint of Price. His complains should be summarily dismissed.

---

[16] *Id*

[17] Pfau v. Reed 125 F. 3d 927 (5th Cir. 1997)

Respectfully submitted,

MONTGOMERY, BARNETT, BROWN
READ, HAMMOND & MINTZ, L.L.P.

_____
TERREL J. BROUSSARD (#3531)
3200 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3200
(504) 585-3200
Attorneys for Housing Authority of New Orleans, Chequita McGowan and Benjamin Bell

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served on all counsel of record, by depositing same in the United States Mail, postage prepaid, addressed to them at their offices on this _____ day of October, 2002.

_____

**SEE RECORD FOR
EXHIBITS
OR
ATTACHMENTS
NOT SCANNED**